IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALEMAYEHU GETACHEW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-CV-655-P |
| | § | |
| U.S. SMALL BUSINESS ADMINISTRATION | § | |
| | § | |
| Defendant. | § | |

## ORDER RECOMMENDING DISMISSAL
## AND RETURNING CASE TO DISTRICT JUDGE

Plaintiff filed his Complaint [doc. 1] on July 15, 2024. Thereafter, on July 24, 2024, the Court entered an Order Directing Plaintiff to File a Form Amended Complaint, no later than August 2, 2024, that met the requirements set forth in the Court's order. Furthermore, in that Order the Court indicated to Plaintiff that it questioned whether "the Fort Worth Division of the Northern District of Texas is the proper venue for this suit." (ECF No. 7). As of the date of this order, Plaintiff has wholly failed to comply with the Court's July 24, 2024 Order by filing an Amended Complaint. Consequently, the Court **RECOMMENDS** that the above-styled and numbered cause be **DISMISSED** for failing to comply with the Court's order.[1]

---

[1] Additionally, the Court **RECOMMENDS** that the case be **DISMISSED** as venue is not proper in the Fort Worth Division of the Northern District of Texas. Plaintiff is a citizen of Ohio. (See ECF No. 1). Defendant is a United States Governmental Agency headquartered in Washington D.C. (Id.). While Plaintiff lists the Fort Worth address of the agency, precedent is clear that some agency employees or offices might operate from other locations makes no difference in the venue analysis. *See, e.g., Garcia v. Acosta*, 393 F. Supp. 3d 93, 109 (D.D.C. 2019) ("Although the Department maintains a regional office in Chicago, neither the Secretary of Labor nor the Department of Labor 'resides' in the Northern District of Illinois; both are, instead, residents of the District of Columbia."). The

1

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until August 19, 2024** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing

---

same is true here. Furthermore, Plaintiff has failed to register as an ECF user as required by Local Rule 5.1(f), which Plaintiff has been reminded of. (ECF No. 5).

party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 5, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE