UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ALEMAYEHU GETACHEW,**

   Plaintiff,

v.                                      No. 4:24-cv-00655-P

**U.S SMALL BUSINESS ADMINISTRATION,**

   Defendant.

### ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION

The United States Magistrate Judge issued Findings, Conclusions, and Recommendations ("FCR") recommending the dismissal of Plaintiff's case for failure to comply with the Court's order and for improper venue. ECF No. 8. Plaintiff filed timely objections to the FCR. *See* ECF No. 9. After reviewing the FCR *de novo*, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Magistrate Judge's FCR, and **DISMISSES** the case.

### BACKGROUND

Plaintiff Alemayehu Getachew filed his Complaint on July 15, 2024, against the U.S. Small Business Administration. On July 24, 2024, the Court entered an Order Directing Plaintiff to File a Form Amended Complaint by August 2, 2024, indicating concerns about whether the Fort Worth Division of the Northern District of Texas was the proper venue for this suit. *See* ECF No. 7. Plaintiff failed to comply with this order.

### LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. Fed. R. Civ. P. 72(b)(3). The district court may accept, reject, or modify the recommendations or findings in whole or in part. *Id.*

# ANALYSIS

### Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's findings on several grounds, including lack of standing to challenge venue and the timeliness of his response. *See* ECF No. 9. However, the Court finds these objections without merit.

### 1. Improper Venue

As correctly determined by the Magistrate Judge, the Fort Worth Division of the Northern District of Texas is not the proper venue for this action. *See* ECF No. 8. Plaintiff is a citizen of Ohio, and the Defendant is a United States Governmental Agency headquartered in Washington, D.C. *See* ECF No. 1. The mere presence of some agency employees or offices in Fort Worth, or even a piece of correspondence originating from one of these offices, does not establish proper venue. *See, e.g., Garcia v. Acosta*, 393 F. Supp. 3d 93, 109 (D.D.C. 2019).

### 2. Failure to Comply with Court Order

Plaintiff has failed to comply with the Court's order to file an Amended Complaint. Compliance with court orders is fundamental to the orderly conduct of litigation. Plaintiff's failure to comply—followed by the fact that Plaintiff has *still* not complied with the Court's Order—necessitates dismissal of the case.

### 3. Timeliness of Response

Plaintiff's objection regarding the timing for responses and the need for paper communication does not excuse his failure to comply with the Court's order. The Court provided reasonable accommodations, and even ordered the Plaintiff to become an ECF filer, yet Plaintiff has still not met the required standards for proceeding even after being allowed multiple weeks to comply.

# CONCLUSION

After reviewing the FCR *de novo* and addressing each of Plaintiff's objections, the Court **ADOPTS** the Magistrate Judge's FCR (ECF No. 8). Plaintiff's objections are **OVERRULED**.

Accordingly, it is **ORDERED** that this case is **DISMISSED without prejudice**.

**SO ORDERED** on this **14th day of August 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE